J-S61045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BERIS JOSE CABRERA, | : | |
| | : | |
| Appellant | : | No. 504 WDA 2016 |

Appeal from the PCRA Order March 16, 2016
in the Court of Common Pleas of Fayette County,
Criminal Division, No(s): CP-26-CR-0001278-2000

BEFORE:  PANELLA, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 31, 2016**

Beris Jose Cabrera ("Cabrera") appeals, *pro se*, from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In February 2001, a jury found Cabrera guilty of corrupt organizations, possession with intent to deliver a controlled substance, and criminal conspiracy.  The trial court sentenced Cabrera to 30 to 60 years in prison.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  **See Commonwealth v. Cabrera**, 790 A.2d 336 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 978 (Pa. 2002).  Cabrera subsequently filed two PCRA Petitions, both of which were denied.

On February 18, 2016, Cabrera filed the instant PCRA Petition, his third.  The PCRA Court entered a Pa.R.Crim.P. 907 Notice.  Thereafter, the

PCRA court dismissed Cabrera's Petition. Cabrera filed a timely Notice of Appeal.

On appeal, Cabrera raises the following question for our review:

Whether the [PCRA c]ourt erred in finding [Cabrera's] PCRA [Petition] untimely where the United States Supreme Court[,] in *Montgomery v. Louisiana*[, 136 S. Ct. 718 (2016),] held that any cases out of their Court that were substantive in nature were retroactively applicable to all the [s]tates[,] and in doing so[,] caused *Alleyne v.* [*United States*, 133 S. Ct. 2151 (2013),] to become retroactively applicable to [Cabrera,] whose sentence was unconstitutionally enhanced in violation of *Alleyne*[?]

Brief for Appellant at vi.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Cabrera's judgment of sentence became final in 2002, after the time to seek review with the United States Supreme Court expired. **See Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). Cabrera had until 2003 to file a timely PCRA petition. Thus, Cabrera's February 2016 PCRA Petition is facially untimely.

However, in the event that a PCRA petition is not filed within the one-year time limitation, the PCRA provides three timeliness exceptions: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; or (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. **Id.** § 9545(b)(2).

Here, Cabrera invokes the newly recognized constitutional right exception based on the **Alleyne** decision. **See** Brief for Appellant at 1-3. In **Alleyne**, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. **Id.** at 2156. Cabrera

argues that *Alleyne* applies retroactively and renders his sentence illegal. *See* Brief for Appellant at 1-3.

Here, Cabrera filed the instant PCRA Petition on February 18, 2016, well over sixty days after June 17, 2013, the date that *Alleyne* was decided. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Boyd*, 923 A.2d at 517 (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Further, the rule established in *Alleyne* does not apply retroactively where, as here, the judgment of sentence is final. *See Commonwealth v. Washington*, 2016 Pa.LEXIS 1536, *8 (Pa. 2016) (stating that "*Alleyne* does not apply retroactively to cases pending on collateral review[.]"); *see also Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.").[1] Cabrera failed to meet the requirements of the newly recognized constitutional right exception. Thus, the PCRA court properly dismissed Cabrera's third PCRA Petition.

Order affirmed.

---

[1] In support of his argument that *Alleyne* applies retroactively, Cabrera cites *Montgomery, supra*. In *Montgomery*, the United States Supreme Court held that *Miller v. Alabama*, 132 S. Ct. 2455 (2012), applies retroactively to juveniles, who were under the age of eighteen at the time of the commission of the crime, sentenced to mandatory life sentences without the possibility of parole. *Montgomery*, 136 S. Ct. at 736. However, unlike *Miller*, *Alleyne* does not apply retroactively. *See Washington*, *supra*.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016